IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLYPMPIC CONTROLS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:10-cv-02657 |
| | ) | |
| HENGE DOCKS LLC, | ) | Honorable William Hibbler |
| | ) | |
| | ) | |
| Defendant. | ) | |

## HENGE DOCKS LLC BRIEF IN SUPPORT OF
## MOTION TO DISMISS OR TRANSFER VENUE

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), Defendant Henge Docks LLC ("Henge Docks"), moves to dismiss the above captioned action, or in the alternative, transfer the this action under 28 U.S.C. 1404 to the United States District Court for the Eastern District of Virginia. In support of its Motion, Henge Docks presents the Court with the following:

**I. BACKGROUND**

On April 23, 2010 Henge Docks filed a suit for declaratory judgment of non-infringement of U.S. Patent No. 5,186,646 ("the '646 Patent") in the Eastern District of Virginia.

On April 29, 2010, Plaintiff filed a Complaint in the U.S. District Court for the Northern District of Illinois Eastern Division, alleging infringement of United States Patent No. the '646 patent and seeking damages and injunctive relief.

1

## II. APPLICABLE LAW

The law of personal jurisdiction is well settled. A court must inquire as to whether defendants have had minimum contacts with Illinois, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compo and Placement*, 326 U.S. 310, 316 (1945). Courts have interpreted *International Shoe* to require that the "defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Jurisdiction can be either general or specific. General jurisdiction attaches to defendants domiciled in Illinois, or defendants having continuous and systematic contacts with Illinois. *See Helicopteros Nacionales de Colombia, S.A. V. Hall*, 466 U.S. 408 (1984); *Euromarket Designs, Inc. V. Crate & Barrel Ltd.*, 96 F.Supp.2d 824, 833 (N.D. Ill. 2000).

Specific jurisdiction arises if the defendants have purposefully directed their activities at Illinois residents and the litigation results from injuries arising as a result of those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985). To find specific jurisdiction, defendants must have minimum contacts with Illinois to ensure that they will not be forced to litigate here solely as a result of "random," "fortuitous," or "attenuated" contacts with Illinois, or the "unilateral activity of another party or third person." *Burger King Corp.*, 471 U.S. at 475.

In *Zippo Manufacturing Co. v. Zippo Dot Com. Inc.*, the court grouped internet cases into three categories, finding that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." 952 F.Supp. 1119 at 1124 (W.D. Pa. 1997). However, the Seventh Circuit has not specifically adopted the *Zippo* three-category test and has hesitated to fashion a

2

special jurisdictional test for Internet-based cases. *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010) (Exhibit 1).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer of venue is a matter of judicial discretion. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981). In patent cases, the general rule is that the forum of the first-filed case is favored. *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 938 (Fed.Cir.1993) ("absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action.").

The considerations affecting transfer or dismissal in favor of another forum are the same when the first-filed action is a declaratory action. When the declaratory action can resolve the various legal issues in dispute and afford relief from the controversy that gave rise to the proceeding, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action. *Id* at 938.

In the Seventh Circuit, four factors guide the exercise of discretion granted by section 1404(a): (1) the plaintiff's choice of forum; (2) the convenience to the parties; (3) the convenience to witnesses; and (4) the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The Seventh Circuit courts determine "in light of all the circumstances of the case" where deference is necessary and which factors are dispositive in establishing whether another forum is "clearly more convenient." *Id*.

3

### III. ARGUMENT AND AUTHORITIES

**A. This complaint should be dismissed for want of personal jurisdiction**

Henge Docks LLC is a Virginia Limited Liability Company with a principle place of business in Arlington, Virginia. Henge Docks has three owners. Two owners of Henge Docks LLC are residents of Arlington, Virginia and one owners is a resident of Dallas, Texas. The locus of Henge Dock's business activities are in Arlington, Virginia. Henge Docks pays sales tax in the state of Virginia. Henge Docks does not maintain offices or have a business presence in the state of Illinois. Henge Docks does not own property in the state of Illinois. Henge Docks has not engaged in marketing or advertising directed at the state of Illinois. Henge Docks warehouse and inventory are not maintained in the state of Illinois.

Henge Docks maintains a website at HengeDocks.com. However, Plaintiff has failed to allege jurisdiction on the basis of Henge Docks' website. As recently April 2010, this Circuit has neglected to specifically adopt the often cited *Zippo* internet jurisdiction test. *Tamburo*, 601 F.3d at 703 (7th Cir. 2010) (Exhibit 1). Further, the Seventh Circuit has warned "that although technological advances may alter the analysis of personal jurisdiction, those advances may not eviscerate the constitutional limits on a state's power to exercise jurisdiction over nonresident defendants." *Jennings v. AC Hydraulic AIS*, 383 F.3d 546, 550 (7th Cir. 2004). As Henge Docks does not have the requisite minimum contacts and neither general nor specific jurisdiction exists, this court should dismiss Olympic's complaint.

**B. In the alternative, this action should be transferred to the Eastern District of Virginia**

28 U.S.C. § 1404(a) allows a district court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This action could have originally been filed in the Eastern District of Virginia under 28 U.S.C. § 1400(b) as owners of Henge Docks LLC are residents of Virginia. A civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has [allegedly] committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b).

**1. The First to File Rule Preempts this Action**

The First to File rule operates to preempt this action in favor of an earlier filed action in the Eastern District of Virginia. This court has ruled that in patent infringement cases, the Federal Circuit's law applies. *Bajer Design & Marketing, Inc. v. Whitney Design, Inc*. 2009 WL 1849813 at *4 (N.D. Ill. 2009) (*citing Genentech*, 998 F.2d at 937) (Exhibit 2). In *Genentech*, the Federal Circuit expressed a concern about "the issue of national uniformity in patent cases" and "the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits." *Genentech*, 998 F.2d 931 at 937. Continuing the present case in both the Eastern District of Virginia and the Northern District of Illinois could lead to non-uniform results, which would be detrimental to similar future litigation, especially on the national level.

In a trademark case, the Seventh Circuit has held that a declaratory judgment action for non-infringement could be preempted by a later-filed action for infringement. *See Tempco Elec.*

5

*Heater Corp. v. Omega Engineering*, Inc. 819 F.2d 746 (7th Cir. 1987). However, the Federal Circuit explicitly rejected the *Tempco* rule for patent cases, because adopting the rule "would automatically grant the patentee the choice of forum, whether the patentee had sought—or sought to avoid—judicial resolution of the controversy." *Genentech*, 998 F.2d at 937.

Subsequent cases in the Northern District of Illinois have applied the *Genentech* rule to patent cases. In *Solo Cup Co.*, this court held that "where a declaratory judgment action and a mirror image patent infringement suit are filed, the general rule is that the forum of the first-filed suit is favored, regardless of whether it is the declaratory judgment action." *Solo Cup Co. v. Fort James Corp.*, 1999 WL 1140885 at *1 (N.D. Ill. 1999) (Hibbler, W) (Exhibit 3); *see also Technical Concepts, L.P. v. Zurn Industries, Inc*. 2002 WL 31027962 at *6 (N.D. Ill. 2002) (Exhibit 4) ("the Federal Circuit has explicitly rejected the application of Tempco in patent cases, and Federal Circuit law controls this issue."); *Roadmaster Corp. v. Nordictrack, Inc*., 1993 WL 625537 at *2 (N.D. Ill. 1993) (Exhibit 5) (holding earlier filed declaratory judgment action should not be dismissed because Federal Circuit law applies in patent infringement cases.); *Vanguard Products Group, Inc. v. Protex Intl. Group, Inc.*, 2006 WL 695700 at *2 (N.D. Ill. 2006) (Exhibit 6) (adopting Genentech's first to file rule); *accord Bowe, Bell + Howell Co. v. MidSouth Technologies, LLC*, 2005 WL 1651167 at *1 (N.D. Ill. 2005) (Exhibit 7). Considering the Federal Circuit's preference for the earlier-filed action and agreement within this District of the applicability of Federal Circuit law to patent cases, this action should be consolidated to the Eastern District of Virginia.

### 2. No Factors Weigh against Application of the First to File Rule

The present case should be transferred to the Eastern District of Virginia because there are no substantial factors weighing against transfer. Barring such substantial factors, the First to

File rule is applicable. *Genentech* at 937 ("We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.").

The plaintiff is located in Illinois and the defendant is located in Virginia. While both parties have brought respective actions in their home forums, both forums have a nexus with the dispute. Although litigating in one district over the other may be more convenient for one party, this factor is balanced for both districts, and does not tilt the test towards overcoming the First to File preference.

## IV. CONCLUSION

This action should be dismissed for want of personal jurisdiction. Henge Docks is a Virginia limited liability company with the majority of its owners having residence in Virginia having and principal place of business in Virginia.

In the alternative, this action should be dismissed for improper venue or transferred to the Eastern District of Virginia. This District has held that Federal Circuit law applies to patent infringement cases. Under the First to File rule, preference should be given to the earlier-filed declaratory judgment action filed by Henge Docks in the Eastern District of Virginia. There are no substantial factors which prevent this case from being transferred to the Eastern District of Virginia.

Respectfully submitted,

June 1, 2010    By:    /s/ Gregory J. Vogler
                           One of its attorneys

Gregory J. Vogler
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

Case: 1:10-cv-02657 Document #: 10 Filed: 06/01/10 Page 8 of 9 PageID #:33

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was served on June 1, 2010, by using the CM/ECF system, which will send a notice of electronic filing to the following:

*Counsel for Olympic Controls Corp.*

Edward L. Bishop
Nicholas S. Lee
BISHOP & DIEHL, LTD.
1320 Tower Rd.
Schaumburg, IL 60173
T: 847-925-9333
F: 847-925-9337


            HENGE DOCKS LLC

        By: /s/ Gregory J. Vogler
            One of its attorneys

            Gregory J. Vogler
            MCANDREWS, HELD & MALLOY, LTD.
            500 West Madison Street, Suite 3400
            Chicago, IL 60661
            Telephone: (312) 775-8000
            Facsimile: (312) 775-8100